IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

COREY HARRISON,

    Defendant.

Cv. No. 01-2345-(G)Ma
Cr. No. 98-20017-(G)

ORDER TO DOCKET MOTION AS NEW CASE
AND
ORDER TRANSFERRING MOTION UNDER 28 U.S.C. § 2244(b)(3)
TO SIXTH CIRCUIT COURT OF APPEALS

Defendant, Corey Harrison, Bureau of Prisons (BOP) registration number 16345-076, an inmate at the Federal Correctional Institution (FCI) in Beaumont, Texas, has filed an irregular pro se motion in this civil matter, in which judgment was entered dismissing his case on March 12, 2003.

On March 24, 1998, a grand jury returned a three-count superseding indictment against Harrison and seven codefendants, for, inter alia, conspiracy to possess in excess of 150 kilograms of cocaine with intent to distribute in violation of 21 U.S.C. § 846. Harrison was named in counts one and two of the superseding indictment. On March 1, 1999, Harrison pled guilty to counts one and two. Assistant United States Attorney (AUSA) John Fowlkes stated on the record that there was an agreement that the defendant be sentenced under the United States Sentencing Guidelines (USSG)

range for fifteen to fifty kilograms of cocaine. (Transcript of plea, p. 4). The agreement further provided that the government would not recommend that defendant receive an upward adjustment for his role in the offense.

Harrison's counsel filed extensive objections to the presentence investigation report, including objections to the references to defendant's conduct as "leader," the activity of "Harrison's organization," the characterization of his relationship with the other co-defendants, the recommendation of a four-level increase for defendant's role in the offense, and the use of two California convictions to compute defendant's criminal history as category II. On August 13, 1999, United States District Judge Julia Gibbons conducted the sentencing hearing. Judge Gibbons accepted the plea agreement and determined that the computer evidence of defendant's two prior California convictions was properly included in the pre-sentence report.[1] Judge Gibbons subtracted three points from defendant's offense level for his acceptance of responsibility, added four points to the offense level for his aggravating role in the offense, and determined defendant's total offense level to be 35 and his applicable sentencing range to be 188 to 235 months. Judge Gibbons then imposed a sentence of 204 months imprisonment, plus a five-year period of supervised release. The Court entered the judgment on August 18, 1999. Defendant appealed and the Sixth Circuit affirmed

---

[1] The computer printout was admitted into evidence as Exhibit one.

2

defendant's conviction and sentence. <u>United States v. Harrison</u>, No. 99-6423, 2001 WL 196747 (6th Cir. Feb. 16, 2001).

On May 2, 2001, Harrison filed this § 2255 motion and amended motion alleging that counsel provided ineffective assistance by:

1. failing to object to the government's breach of the plea agreement, specifically the provision that no recommendation would be made that defendant receive an upward adjustment for an aggravating role; and

2. failing to object to the use of his uncounseled California misdemeanor convictions which raised his criminal history score to category II.

Judge Gibbons held that Harrison's argument that his plea agreement was breached was without merit and not supported by the record. The Court further determined that counsel was not ineffective for failing to raise frivolous objections at sentencing or frivolous issues on appeal. The Court found Harrison could not establish prejudice because he could not demonstrate that, given the facts before the Court and its determination that he was a leader or organizer, his sentence would have been different or that his sentence was fundamentally unfair or unreliable. Finally, Judge Gibbons held that Harrison failed to establish that a previous conviction used to calculate his criminal history was uncounseled or that he had ever informed his counsel that it was. (Docket entry 4) Harrison appealed. On November 17, 2003, the Court of Appeals denied Harrison's application for a certificate of appealability and motions for miscellaneous relief. <u>Harrison v. United States</u>, No. 03-5411 (6th Cir. Nov. 17, 2003).

3

On May 24, 2004, defendant filed this irregular motion, styled as a motion for reconsideration of judgment denying § 2255 motion pursuant to Fed. R. Civ. P. 60(b). Harrison contends the Court abused its discretion by not requiring a response or allowing his an opportunity to amend his motion. He further contends that because "the issues presented herein have not been previously presented in a prior pleading, therefore, this Motion is not considered second or successive."

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, Title I, § 102, 110 Stat. 1220 (Apr. 24, 1996), amended 28 U.S.C. §§ 2244(b) and 2255 to preclude the filing of any subsequent § 2255 motion absent permission from the Court of Appeals for the Circuit in which the district court is located. Under In re Sonshine, 132 F.3d 1133, 1135 (6th Cir. 1997), the AEDPA amendments bar a prisoner from filing a second § 2255 motion unless those amendments would have an impermissibly retroactive effect on a claim for relief under § 2255. Under In re Sims, 111 F.3d 45, 47 (6th Cir. 1997), "when a second or successive . . . § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." Id.

Although Harrison contends that his motion is brought pursuant to Fed. R. Civ. P. 60(b), neither the Rules Governing Section 2255 Proceedings for the United States District Courts nor the Federal

4

Rules of Civil Procedure prescribe a motion for reconsideration.[2] To the extent that the Court applies the Federal Rules in construing Harrison's filing as a motion under Rule 60 seeking to set aside the judgment denying relief under § 2255, his motion is untimely. Fed. R. Civ. P. 60(b) provides that, to the extent such a motion is allowable, it shall not be brought more than one year after the judgment, order, or proceeding was entered or taken. More importantly, however,

> a post-judgment motion under Fed. R. Civ. P. 60(b) in the district court . . . is a "second or successive" application for purposes of 2244(b). . . . Otherwise the statute would be ineffectual. Instead of meeting the requirements of § 2244(b), the petitioner would restyle his request as a motion for reconsideration in the initial collateral attack and proceed as if the AEDPA did not exist.

Burris v. Parke, 130 F.3d 782, 783 (7th Cir. 1997)(holding that a motion to recall a mandate denying a state prisoner habeas petition under 28 U.S.C. § 2254 is the "functional equivalent of a second or successive petition for habeas corpus" and must be evaluated under § 2244(b)). See also Ruiz v. Norris, 104 F.3d 163, 164 (8th Cir. 1997)(same); Mathenia v. Delo, 99 F.3d 1476, 1480 (8th Cir.

---

[2] The Federal Rules of Civil Procedure are only applicable to § 2255 cases insofar as the Court deems appropriate. See Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts. The Rule states:

> If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules, or any applicable statute, and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate, to motions filed under these rules.

To the extent that the AEDPA limitations on successive motions supersede the § 2255 Rules, of course, the statute controls.

1986)(in pre-AEDPA case, a Rule 60 motion was properly construed as a second petition for habeas relief only reviewable under successive petition standards); <u>United States v. Stanley Anderson</u>, Misc. No. 97-26-G (W.D. Tenn. July 29, 1997)(transferring motion to set aside dismissal of § 2255 motion to appellate court under <u>Sims</u>), <u>on review under § 2244(b)</u>, <u>In re Anderson</u>, No. 97-0585 (6th Cir. Feb. 6, 1998)(denying motion for permission to file successive motion). <u>Cf.</u> <u>Alexander v. United States</u>, 121 F.3d 312, 313-14 (7th Cir. 1997)(denying leave to mount fourth collateral challenge to federal criminal conviction and holding that "[r]ejected justifications may not be reiterated in a successive motion for leave to file."). Harrison's attempt to set aside the judgment in his original § 2255 proceeding must be construed as a successive application.

Under <u>Sims</u>, the Court construes the successive motion as a request for certification of a successive motion. Accordingly, it is hereby ordered pursuant to <u>Sims</u> and 28 U.S.C. § 1631 that the Clerk of Court docket the motion (docket entry 15) as a new case and transfer it to the United States Court of Appeals for the Sixth Circuit. The Clerk shall place a copy of this order in that case as well as case no. 01-2345-(G)Ma.

The Clerk of Court is ORDERED not to accept for filing any further documents in the new case or this case, however captioned or described, unless directed to do so by an order from the United States Court of Appeals for the Sixth Circuit. This case is being transferred to that appellate court, and the defendant must obtain

6

relief from that court to pursue any further attacks on his conviction here.

IT IS SO ORDERED this 11th day of April, 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 2 in case 2:05-CV-02276 was distributed by fax, mail, or direct printing on April 19, 2005 to the parties listed.

---

Corey Harrison
16345-076
P.O. Box 26040
Beaumont, TX 77720

USA

,

Honorable Bernice Donald
US DISTRICT COURT